**UNITED STATES of America,
Plaintiff,**

v.

**Nels NELSON, Defendant.**

**Civ. A. 39.**

United States District Court
D. Montana,
Billings Division.

April 1, 1958.

---

Krest Cyr, U. S. Atty., Butte, Mont., and Dale F. Galles, Asst. U. S. Atty., Billings, Mont., for plaintiff.

Luxan & Scribner, Helena, Mont., for defendant.

JAMESON, District Judge.

This is an action under the provisions of the Agricultural Adjustment Act of 1938, as amended and supplemented (7 U.S.C.A. § 1281 et seq.) to collect a penalty in the sum of $3,261.18 alleged to be due for "farm marketing excess" of wheat produced by defendant during 1955. Both parties have filed motions for summary judgment and, in addition, defendant has filed a motion for the production of a copy of United States Department of Agriculture Form MQ–24–Wheat (1955) entitled "Notification of 1955 Wheat Acreage Allotment and Marketing Quota". Both motions for summary judgment are based upon the pleadings and admissions and stipulations in pre-trial order. In addition, plaintiff's motion is based upon affidavit of Arthur J. Lammers, Chairman of Wheatland (Montana) County Agricultural Stabilization and Conservation Committee of the United States Department of Agriculture, and defendant's motion upon the motion for production of the above document and affidavit in support thereof.

It appears from the Lammers affidavit that the defendant was the operator of a farm for the crop year 1955 in Wheatland County, Montana, given serial No. 55–125 in the records of the A. S. C. Office of Wheatland County (although the date the number was given is not specified); that the records of this office do not show that defendant had raised wheat for the years 1952 to 1954, inclusive; that the defendant did not request a new farm allotment for 1955, and "hence no wheat acreage allotment notice was sent to him"; that "after it was discovered by an inspector acting on behalf of the County ASC Committee that wheat had been seeded on this farm", forms of the notices hereinafter described were sent to defendant; that the penalty established for 1955 was $1.13 per bushel.

Defendant received from plaintiff form CSS–597, dated June 20, 1955, entitled "Notice of 1955 Acreage of Wheat" in the form of a letter from the Wheatland County Committee of the Commodity Stabilization Service of the United States Department of Agriculture, reciting a measured acreage of wheat of 222 acres and a 1955 wheat acreage allotment of 0 acres.[1]

On or about August 1, 1955 plaintiff mailed to defendant "Notice of 1955 Farm Marketing Quota and Farm Marketing Excess of Wheat", Form MQ–93, which was received by defendant on or about August 2, 1955. This notice recited a "determination of facts" for the 1955 crop year as follows: Wheat acreage, 222; farm wheat acreage allotment, 0; excess wheat acreage, 222; wheat normal yield per acre, 13 bu.; farm marketing excess of wheat, 2,886 bu. The notice requested defendant to re-

---

1. This notice contained the following:
   "The acreage in item 4 is in excess of your wheat allotment. You are afforded the privilege of reducing your wheat acreage to the wheat allotment for your farm or 15 acres, whichever is the larger, by using the excess acreage while still green, as green manure, hay, pasture, or silage not later than July 11th for winter wheat, and July 21, 1955 for spring wheat. Otherwise, the excess acreage will be considered wheat acreage and will count against your 1955 wheat acreage allotment.

   "If you intend to adjust such wheat acreage to your allotment or 15 acres, whichever is the larger, by using the excess for any of the above practices, you must notify the county A.S.C. office not later than July 11, 1955 in the case of winter wheat and July 21, 1955 in the case of spring wheat so that a recheck can be made by a representative of the county office to determine the final 1955 wheat acreage for your farm."

mit the penalty on the farm marketing excess or store or deliver the excess wheat as therein specified.[2]

Defendant also received from plaintiff Form MQ–98, dated November 8, 1955, entitled "Wheat Record and Report made by Farm Operator", reciting a normal yield of 13 bu. per acre, with instructions pertaining to time for making report (15 days) and its preparation.

The three notices specified above were the only notices sent by plaintiff to defendant relating to wheat acreage allotment and marketing quota for the year 1955.

Defendant admitted in his answer that he did not make application for a downward adjustment in the alleged farm marketing excess or for a review by a review committee of any determination made by the County Committee. Defendant further admitted at pre-trial conference that he did not deposit with the Wheatland County A.S.C. Committee "as security for any penalty any funds to be held in escrow, warehouse receipts or a bond of indemnity or any combination of the foregoing", but claims that "defendant offered to give a bond for amount of wheat defendant claims was actually produced."

No determination was made by plaintiff prior to filing complaint of the actual production of wheat on defendant's farm. Defendant denies that he produced 2,886 bushels of wheat and contends that if permitted to do so he will be able to show that the actual production was substantially less than that amount.

Defendant contends that plaintiff failed to give notice to the defendant of his wheat marketing quota and farm acreage allotment within the time and in the manner prescribed by law. If proper notice were given, it is clear that defendant failed to resort to his administrative remedies and would be precluded from challenging the determination of the farm marketing quota and farm marketing excess. Miller v. United States, 6 Cir., 1957, 242 F.2d 392; United States v. Stangland, 7 Cir., 1957, 242 F.2d 843. In fact, defendant does not contend otherwise.

The sole question for determination accordingly is whether the notices given by plaintiff constitute a compliance with the requirements of the statute and regulations issued pursuant thereto. In support of his contention that plaintiff failed to give the required notice, defendant relies upon 7 U.S.C.A. §§ 1361 to 1363, inc.[3], Sec. 711.2 to 711.5 of the

2. It also contained the following with reference to review of farm marketing quota and farm marketing excess:

"1. Any producer on this farm, may, within 15 calendar days after the date the County ASC Committee mails this form (MQ–93–Wheat) to him, apply in writing to the county committee for a review (by the Review Committee, composed of three farmers appointed by the Secretary of Agriculture) of the normal yield, farm marketing quota, farm marketing excess, or any determination for his farm in connection with wheat marketing quotas. The application for review may be mailed to or filed in person at the office of the county ASC committee for this county.

"2. Any producer affected by the determination of the Review Committee may, within 15 days after notice of the determination is mailed to him by registered mail, institute proceedings in court asking that the determination be

reviewed to determine whether it is in accordance with law."

3. "§ 1361. Application of sections 1361–1368.

"Sections 1361–1368 of this title shall apply to the publication and review of farm marketing quotas established for tobacco, corn, wheat, cotton, peanuts, and rice, established under sections 1311–1359 of this title.

"§ 1362. Publication of marketing quota; mailing of allotment notice.

"All acreage allotments, and the farm marketing quotas established for farms in a county or other local administrative area shall, in accordance with regulations of the Secretary, be made and kept freely available for public inspection in such county or other local administrative area. An additional copy of this information shall be kept available in the office of the county agricultural extension agent or with the chairman of the local committee. Notice of the farm marketing

Regulations of the Department of Agriculture,[4] and the case of United States v. Harvey, D.C.N.D.Tex.1954, 131 F.Supp. 493. Plaintiff contends that under the circumstances of this case the notices enumerated above constituted a sufficient compliance with the statutes and regulations and that the case of United States v. Harvey is not in point, and relies upon United States v. Lillard, D.C.Mo.1956, 143 F.Supp. 113.

More specifically, defendant contends that plaintiff failed to mail to him the notice required by Sec. 1362, U.S.C.A. Title 7, and Sec. 711.5 of the Regulations. Presumably this notice is Form MQ–24–Wheat (1955) entitled "Notification of 1955 Wheat Acreage Allotment and Marketing Quota", specified in defendant's motion for production of documents. Counsel for defendant state in their Reply Brief that this notice was prepared "and distributed generally to farms in the year 1954". Admittedly this notice was not mailed to defendant. Was it required under the facts here present?

In the absence of counter-affidavits, the facts contained in the affidavit of the Chairman of the County Stabilization and Conservation Committee must be accepted as true. It appears from this affidavit that defendant did not raise any wheat for the years 1952 to 1954, inclusive, and did not request a new farm allotment for 1955. Defendant accordingly was operating a "new farm" as defined by Sec. 728.510 of the Regulations covering 1955 Wheat Acreage Allotments (F.R. June 3, 1954), i. e., a "farm on which there will be wheat acreage for the first time since 1951". Sec. 728.519 of these Regulations provided that, "If a wheat acreage allotment for 1955 is to

quota of his farm shall be mailed to the farmer.

"Notice of the farm acreage allotment established for each farm shown by the records of the county committee to be entitled to such allotment shall insofar as practicable be mailed to the farm operator in sufficient time to be received prior to the date of the referendum.

"§ 1363. Review of quota; review committee.

"Any farmer who is dissatisfied with his farm marketing quota may, within fifteen days after mailing to him of notice as provided in section 1362 of this title, have such quota reviewed by a local review committee composed of three farmers from the same or nearby counties appointed by the Secretary. Such committee shall not include any member of the local committee which determined the farm acreage allotment, the normal yield, or the farm marketing quota for such farm. Unless application for review is made within such period, the original determination of the farm marketing quota shall be final."

4. Sec. 711.2–711.4 relate to preparation of list or other compilation of acreage allotments and quotas and the publication thereof. There is no contention of noncompliance with these sections. Defendant contends that there was a failure to comply with Sec. 711.5, which reads: "Notice of acreage allotments and quotas. (a) Immediately upon the establishment of quotas for any commodity, the county committee shall mail a written notice thereof to the producer, in the case of rice, and to the operator of the farm, in the case of any other commodity. If, after considering the eligibility for an acreage allotment of a farm or a producer, it has been determined that no quota is to be established for such farm or such producer, the notice shall contain the word 'none' as the amount of the quota. A notice to the operator of the farm shall contain at or near the top thereof the following statement: 'To all persons who as operator, landlord, tenant or sharecropper are interested in the farm for which this quota is established,' and such notice shall constitute notice to all such persons. The notice shall contain the information required by Sections 711.3 and 711.4 for publication. The notice shall contain also, on the face or back thereof, a brief reference to, or statement of, the procedure whereby application for review of the quota may be made.

"(b) A copy of each notice, containing thereon the date of mailing, shall be kept among the records of the county committee, and, upon request, a copy of such notice, certified by the secretary of the county committee as true and correct, shall be furnished without charge to any person interested in the farm in respect to which the quota is established.

"(Sec. 362, 52 Stat. 62, as amended; 7 U.S.C. 1362)."

be established for a farm on which there was no wheat acreage for any of the years 1952, 1953, and 1954, the owner, operator, or any other interested persons having an interest in the farm shall make application for such an allotment to the County ASC office of the county in which the farm is regarded as located." Defendant did not apply for an acreage allotment. In the absence of such application there was no obligation on the part of the County Committee to make an allotment or give defendant any notice. After the County Committee discovered through its inspector that defendant was growing wheat in 1955, notices were mailed to defendant as hereinabove set forth.

Counsel for defendant argue that if notice had been given defendant in 1954, defendant might have successfully applied for a review and obtained relief and might have given consideration to his allotment before planting his crop; and that since the farm had been given a serial number, the County Committee must have known of its existence when the regulations were issued on June 3, 1954. While the Committee may have known of the existence of the farm, it could not be expected to anticipate that wheat would be raised thereon in 1955, when, according to its records, no wheat had been raised for the three prior years. The requirement that the operator of a "new farm" apply for an allotment is not unreasonable and, in my opinion, the effect of the regulation may not be limited in the manner urged by defendant. See United States v. Lillard, supra.

Sec. 1362, supra, requires that "notice of the farm marketing quota of his farm shall be mailed to the farmer", without specifying the time, and that "Notice of the farm acreage allotment established for each farm * * * shall insofar as practicable be mailed * * * in sufficient time to be received prior to the date of the referendum". Under the facts here present it was not practicable to mail such notice to defendant prior to the referendum. I cannot escape the conclusion that the notices mailed to defendant after the County Committee discovered he was raising wheat constituted a compliance with Sec. 1362.

Insofar as the amount of wheat actually raised is concerned, this question could have been determined had defendant sought review pursuant to the statute and as set forth in the notices which he received. But plaintiff did not apply for a downward adjustment in the farm marketing excess under Sec. 1340 (12), Title 7 U.S.C.A.; nor for a review by a review committee under Sec. 1363. A judicial review is open to a farmer dissatisfied with the determination of a review committee (Secs. 1365, 1366), but this method of judicial review is exclusive (Sec. 1367).

This court is deprived of jurisdiction by defendant's failure to seek review pursuant to the applicable statutes. Miller v. United States, supra; United States v. Stangland, supra.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted.