Walter J. MILLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12860.

United States Court of Appeals Sixth Circuit.

March 22, 1957.

Robert E. Albright, Columbus, Ohio, Owen Calvin Neff, Cleveland, Ohio, on brief, for appellant.

Neil Brooks, Asst. Gen. Counsel, U. S. Dept. of Agriculture, Washington, D. C., J. Stephen Doyle, Jr., Attorney, U. S. Dept. of Justice, Washington, D. C., Sumner Canary, U. S. Atty., Cleveland, Ohio, Clarence M. Condon, Asst. U. S. Atty., Toledo, Ohio, Robert W. Johnson, Donald A. Campbell, Attorneys, U. S. Dept. of Agriculture, on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and STEPHENS,* Circuit Judges.

ALLEN, Circuit Judge.

This action was instituted for the purpose of collecting penalties under the Agricultural Adjustment Act of 1938 as amended, 7 U.S.C. § 1281 et seq., 7 U.S.C.A. § 1281 et seq. On motion of the Government the District Court granted summary judgment against defendant [1] in the amount of $302.40 with costs.

Two principal questions are presented: (1) whether the action for penalties is quasi-criminal and hence the summary judgment procedure available under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. is not available here; (2) whether defendant's failure to apply for his administrative remedies precludes him from challenging the determination of the farm marketing quota and the farm marketing excess, and from raising constitutional questions.

As to the first contention, under Rule 81(a) (2) the Federal Rules of Civil Procedure are applicable only on appeal where there is a "forfeiture of property for violation of a statute of the United

---

* Albert Lee Stephens of the Ninth Circuit.

1. Appellant will be called defendant and appellee the Government throughout this opinion.

States." Defendant admits in interrogatories that he did not pay the amount of the wheat marketing quota penalty established for his farm, and that he did not deliver any of the wheat grown on the farm to the Secretary of Agriculture as provided in the statute. Defendant claims that, if the judgment is sustained, his property is forfeited or confiscated. In support of his contention that the Federal Rules of Civil Procedure do not apply and that summary judgment was illegally entered, defendant cites United States v. Solomon, D.C., 3 F.R.D. 411, which held that, in an action for penalties arising under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., 7 U.S.C.A. § 499a et seq., for carrying on the business of handling perishable commodities without a license from the Secretary of Agriculture, the court would disregard evidence obtained when the Government called defendant for cross-examination as an adverse party under the Federal Rules of Civil Procedure. Both the statute there involved and the factual situation presented are totally different from those of the instant case. The Solomon decision has been criticised as unsound in Moore's Federal Practice, 2nd edition, Volume 2, page 12.

The Solomon case in turn relies upon Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 534, 29 L.Ed. 746, which declares that "proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offences committed by him, though they may be civil in form, are in their nature criminal." The Boyd case was decided in 1886, over fifty years before the enactment of the Agricultural Adjustment Act in 1938. The statute there provided for a forfeiture for fraudulent importation of goods and authorized compulsory production of defendant's private papers. This provision was held unconstitutional. Plainly the decision has no bearing here.

▉▉ The Agricultural Act provides not for "forfeiture" but for a money judgment for the penalties established for noncompliance. Under the Act a pro-

ducer's overproduction of wheat contrary to the allotments made by the Secretary of Agriculture and by the County Committee is not invested with a criminal character. It is not a crime to produce in excess of the marketing quota. Usher v. United States, 4 Cir., 146 F.2d 369, 371. In fact, a producer may grow whatever quantity of wheat he wishes, provided he pays the civil penalty. Usher v. United States, supra. Neither is the marketing of wheat in excess of the quota prohibited. The purpose of requiring the penalties was not to raise revenue for the government but to discourage the planting and marketing of more than the quotas established. Rodgers v. United States, 332 U.S. 371, 374, 68 S.Ct. 5, 92 L.Ed. 3. These circumstances demonstrate that the action for penalties under the Agricultural Adjustment Act is neither criminal nor quasi-criminal.

In recent years the courts have been reluctant to hold, even in cases of seizure and condemnation of property for violation of statute, that criminal and not civil procedure applies. Alberty Food Products Company v. United States, 9 Cir., 185 F.2d 321, 326, decided that summary judgment may be entered in a case under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., as soon as the property has been seized. Cf. United States v. Five Cases, 2 Cir., 179 F.2d 519. Clearly if the civil summary judgment procedure is available under Rule 56 after property has been seized under a statute providing for forfeiture it should be available here where no seizure or forfeiture is authorized by the Agricultural Adjustment Act and where only money judgment is sought. Colusa Remedy Company v. United States, 8 Cir., 176 F.2d 554, held that a proceeding to forfeit and condemn property for violation of a federal statute which does not involve the personal conviction of the wrongdoer of the offense charged is one of a civil and not a criminal nature. To the same effect see Dobbins's Distillery v. United States, 96 U.S. 395, 399, 24 L. Ed. 637; United States v. 935 Cases

More or Less, 6 Cir., 136 F.2d 523, 526. On the assumption that there was no genuine issue of a material fact, the court did not err in rendering summary judgment.

■ Defendant claims that genuine and material issues of fact were raised by interrogatories as to the establishment and validity of the farm marketing quota and of the farm marketing excess of wheat for defendant's farm, that these interrogatories were not answered and that the summary judgment must therefore be reversed. Defendant failed to apply for, much less exhaust, his administrative remedies. Hence, he cannot raise these questions here. He could have asked the Secretary for a downward adjustment in the amount of the farm market excess. 7 U.S.C. § 1340(12), 7 U.S.C.A. § 1340(12). He could have applied to have the farm marketing quota reviewed by a local review committee. Section 1363. He could have filed a bill in equity in the United States District Court or could have instituted proceedings for review in a state court of record. Section 1365. The statute specifically provides that, unless application for review is made within the time limited, the original determination of the farm marketing quota shall be final. 7 U.S.C. § 1367, 7 U.S.C.A. § 1367, provides that the determination of the committee is exclusive and that, except under the statute, no court of the United States shall have jurisdiction to pass upon the legal validity of any such determination.

The farm marketing quota is necessarily based upon the determination of the farm marketing excess; hence, the validity of the County Committee's determination of the quota depends upon its determination of the farm marketing excess. This decision is compelled by the history of the legislation. The Act of May 26, 1941, 55 Stat. 203, 7 U.S.C. § 1340, 7 U.S.C.A. § 1340, amended the statute to provide specifically for the determination of the farm marketing excess by the County Committee. As declared by the United States Supreme Court in Markham v. Cabell, 326 U.S. 404, 411, 66 S.Ct. 193, 196, 90 L.Ed. 165, "the normal assumption is that where Congress amends only one section of a law, leaving another untouched, the two were designed to function as parts of an integrated whole." It follows that the Congress intended that the administrative review provisions of the Act which were retained by subsequent amendment, 65 Stat. 31, 7 U.S.C. § 1363, 7 U.S.C.A. § 1363, should be enforced for the determination of the farm marketing excess. Moreover, the regulation [19 F.R. 205, Section 728.465(a)] issued by the secretary under authority of the statute expressly provides that the determination of the administrative officials shall be final, both as to the quota and as to the farm marketing excess unless application for review is made. Since this regulation is in conformity to the statute it has the force and effect of law.

■■ It is unnecessary to cite the countless decisions with reference to the rule of exhaustion of administrative remedies and its application to the finality of determination. The doctrine applies to a remedy provided by regulation as well as by statute. National Lawyers' Guild v. Brownell, 96 U.S.App.D.C. 252, 225 F.2d 552. The District Court and this court are deprived of jurisdiction by defendant's failure to seek review. 7 U.S.C. § 1367, 7 U.S.C.A. § 1367. Moreover, defendant's inaction precludes him from raising his constitutional questions, for these questions clearly bear upon the "legal validity" of the determinations. 7 U.S.C. § 1367, 7 U.S.C.A. § 1367. If defendant were enabled to assert the extensive constitutional points which he raises, we think many of them have in effect been disposed of by the Supreme Court in Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122, cited and approved in Maneja v. Waialua Agricultural Company, Ltd., 349 U.S. 254, 259, 75 S.Ct. 719, 99 L.Ed. 1040. In light of these decisions, as to the constitutional questions defendant's remedy, if any, may be legislative rather than judicial.

The judgment of the District Court is affirmed.