John DONALDSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13413.

United States Court of Appeals
Sixth Circuit.

June 27, 1958.

---

Clarence W. May, Akron, Ohio, for appellant.

Neil Brooks, U. S. Dept. of Agriculture, Washington, D. C., Sumner Canary and Clarence M. Condon, Toledo, Ohio, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

Appellant was the owner and operator of a farm in Huron County, Ohio. Pursuant to the provisions of the Agricultural Adjustment Act of 1938, as amended, Section 1281 et seq., Title 7 U.S.C.A. he was given a wheat acre allotment of 11 acres for the farm for the 1956 crop of wheat. He sowed 19 acres, producing a normal yield of 24 bushels per acre, with a resulting farm marketing excess of wheat of 192 bushels. The rate of penalty applicable to the 1956 crop of wheat was $1.07 per bushel, resulting in a total penalty of $205.44. Appellant did not apply under the Act and regulations for a downward adjustment in the farm marketing excess determined for the farm or for a review by a review committee of the farm marketing quota or any determinations made in connection with said quota or excess, as provided in the Act and regulations. Sections 1340, 1363, Title 7, U.S.C.A.

This action was instituted by the United States for the purpose of collecting civil penalties from the appellant under the provisions of the Act. The facts not being in dispute, both parties moved for summary judgment. The District Court sustained the Government's motion and entered judgment for $205.44, from which this appeal was taken.

Appellant attacks the validity of the farm marketing quota established for his farm and the constitutionality of the Act in its application to him upon various grounds. In view of our disposition of the case, it is unnecessary to discuss these contentions, it being sufficient to point out that in our opinion all of them are without merit under the rulings in Wickard v. Filburn, 317 U.S. 111, 63 S. Ct. 82, 87 L.Ed. 122; Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092; Secretary of Agriculture v. Central Roig Refining Co., 338 U.S. 604, 70 S.Ct. 403, 94 L.Ed. 381; Rodgers v. United States, 6 Cir., 138 F.2d 992.

The Act provides that any farmer who is dissatisfied with his farm marketing quota may have such quota reviewed by a local review committee appointed by the Secretary of Agriculture and unless application for review is made within the time provided, the original determination of the farm marketing quota shall be final. If the farmer is dissatisfied with the determination of the review committee he may file a bill in equity against the review committee as defendant for the purpose of obtaining a review of such determination. Sections 1363–1366, Title 7, U.S.C.A. Section 1367, Title 7, U.S.C.A. provides that the jurisdiction conferred by the previous sections to review the legal validity of a determination made by a review committee pursuant to said sections shall be exclusive and "No court of the United States or of any State shall have jursidiction to pass upon the legal validity of any such determination except in a proceeding under said sections." We are of the opinion that by reason of the foregoing provisions of the Act, the District Court was without jurisdiction to consider the questions raised by the appellant in his answer and that judgment was properly entered against him. Miller v. United States, 6 Cir., 242 F.2d 392; Lee v. Roseberry, D.C., 94 F. Supp. 324, 327, Eastern District of Kentucky.

The judgment is affirmed.