**John R. DONALDSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13763.**

United States Court of Appeals
Sixth Circuit.

March 31, 1959.

Clarence W. May, Akron, Ohio, Brouse, McDowell, May Bierce & Wortman, Akron, Ohio, on brief, for appellant.

Donald A. Campbell, U. S. Dept. of Agriculture, Washington, D. C., J. Stephen Doyle, Jr., and Neil Brooks, Washington, D. C., Robert W. Johnson, Dept. of Agriculture, Chicago, Ill., Russell E. Ake, U. S. Atty., Cleveland, Ohio, Richard M. Colasurd, Asst. U. S. Atty., Toledo, Ohio, on brief, for appellee.

Before MILLER, Circuit Judge, and THORNTON and O'SULLIVAN, District Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The Government filed this action in the District Court under the provisions of the Agricultural Adjustment Act of 1938, as amended and supplemented, to collect civil penalties from the appellant for overproduction of wheat in 1957. Sections 1281–1393, Title 7, U.S.C.A.

The complaint alleged that the appellant was a producer of wheat under the Act on a farm in Huron County, Ohio, with respect to the 1957 crop, that the Secretary of Agriculture, acting through the Huron County Agricultural Stabilization and Conservation Committee, established a wheat acreage allotment of 11 acres for the farm and duly gave written notice thereof, and that the Committee thereafter determined that the farm had a wheat acreage of 23 acres, an excess wheat acreage of 12 acres, a normal yield of 24 bushels per acre, a normal produc-

tion of acreage allotment of 264 bushels, and a farm marketing excess of wheat of 288 bushels, and that written notice of said determinations of facts was duly issued and mailed to appellant on or about July 24, 1957. The complaint alleged that the appellant had failed to store or deliver to the Secretary any part of said marketing excess in accordance with the Act, and that at the rate of penalty of $1.12 per bushel the total penalty was $322.56, for which amount judgment was asked. Sec. 1340(3), Title 7, U.S.C.A. The complaint also alleged that the appellant failed to apply under the Act and Regulations for a downward adjustment in the farm marketing excess determined for the farm, and failed to apply for a review by a review committee of the farm marketing quota or farm marketing excess or any of the aforesaid determinations, as provided in the Act and Regulations. Sections 1340, 1363, Title 7, U.S.C.A.

The appellant by his answer alleged that the wheat which he planted and harvested on his farm for the year 1957 was less than 15 acres and was but 150 bushels, and that he was not subject to marketing quotas or to any penalties under the Act. Sections 1335(d) and 1340(7), Title 7, U.S.C.A. He also stated that the determinations made by the Committee were capricious and arbitrary. He admitted that he filed no application for review by the review committee, but alleged that he informed the County Committee that their acreage determination was grossly in error, that he refused to comply with its demand to pay the cost involved in any remeasurement of his wheat acreage, and that the County Committee failed to make any attempt to ascertain the planted wheat acreage or the actual, as distinguished from the normal, yield of wheat harvested from his planted acreage. He strenuously challenged the legality of a penalty on an alleged farm marketing excess of 288 bushes when the actual production was only 150 bushels.

After the filing of the answer the Government moved for judgment on the pleadings, which motion was sustained by the District Judge, pursuant to the provisions of Rule 12(c), Rules of Civil Procedure, 28 U.S.C.A. Accordingly, the appeal presents the question whether the allegations of the answer constitute a defense to the action as a matter of law.

Some of the defensive allegations contained in the answer would have merit if they had been presented in the correct way and it was legally permissible for the District Court to have considered them. However, it is settled administrative law that a party must exhaust his administrative remedies with respect to rulings of an administrative agency before he can challenge their validity in a court of law. Franklin v. Jonco Aircraft Corp., 346 U.S. 868, 74 S.Ct. 126, 98 L.Ed. 378. See: Sections 1363–1367, Title 7, U.S.C.A.; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48–50, 58 S.Ct. 459, 82 L.Ed. 638. The appellant did not comply with this rule. The previous rulings of this Court in Miller v. United States, 6 Cir., 242 F.2d 392, certiorari denied, 355 U.S. 833, 78 S.Ct. 48, 2 L.Ed.2d 44, and Donaldson v. United States, 6 Cir., 258 F.2d 591, are controlling in this case. See also: United States v. Bonderer, D.C. W.D.Mo., 139 F.Supp. 391, 396; United States v. Johnson, D.C.W.D.Ark., 155 F.Supp. 898, 900–901. Under those rulings the District Court had no jurisdiction to consider appellant's contentions and judgment was properly entered against him.

Appellant also contends that in addition to questions of law raised by the pleadings, the answer raised an issue of fact which could not be disposed of by a motion for judgment on the pleadings. Roemhild v. Jones, 8 Cir., 239 F.2d 492, 494. The Act provides that, "If and when the Secretary shall so request, it shall be the duty of the several United States attorneys in their respective districts, under the direction of the Attorney General, to institute proceedings to collect the penalties provided in this chapter." Sec. 1376, Title 7, U.S.C.A.

The complaint alleged that it was filed under the provisions of the Act by the United States Attorney acting under the direction of the Attorney General, upon the request of the Secretary of Agriculture. The answer alleged that at no time did the Secretary direct, authorize or request the Attorney General or any other person to file this action. No evidence was offered or considered on this factual issue. However, the presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131; Shafer v. United States, 4 Cir., 229 F.2d 124, 129.

Sec. 1376 does not state that the decision to institute an action to collect penalties rests exclusively with the Secretary. On the contrary, the section also provides that the several district courts of the United States are vested with jurisdiction specifically to enforce the provisions of the chapter, and that the remedies and penalties provided for therein "shall be in addition to, and not exclusive of, any of the remedies or penalties under existing law." Sec. 507, Title 28, U.S.Code, provides that, except as otherwise provided by law, it shall be the duty of each United States Attorney, within his district, to prosecute or defend, for the government, "all civil actions, suits or proceedings in which the United States is concerned." We construe this section of the Act as *requiring* the Attorney General to institute such proceedings if so requested by the Secretary, but not as prohibiting him from instituting such proceedings unless so requested by the Secretary. United States v. Gris, 2 Cir., 247 F.2d 860, 863; McKay v. Rogers, 10 Cir., 82 F.2d 795, 798. See: Shafer v. United States, 4 Cir., supra, 229 F.2d 124, 130. The factual issue is accordingly immaterial to the decision of the case and can be disregarded. Friedman v. Washburn Co., 7 Cir., 145 F.2d 715, 717.

The judgment is affirmed.