**William CORBIN et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 13932.

United States Court of Appeals Sixth Circuit.

June 14, 1960.

---

Richard N. Koehler, Hamilton, Ohio, for appellant.

James E. Applegate, Asst. U. S. Atty., Cincinnati, Ohio, for appellee, Hugh K. Martin, U. S. Atty., Thomas Stueve, 1st Asst. U. S. Atty., and James E. Applegate, Asst. U. S. Atty., Cincinnati, Ohio, on the brief.

Before McALLISTER, Chief Judge, and THORNTON and KENT, District Judges.

PER CURIAM.

This is an action by the United States of America brought under Title 7 U.S. C.A. § 1340, as amended, to recover $383.04, as penalty because of appellant's marketing excess of wheat for the 1954 crop years.

A motion for summary judgment on behalf of the Government was granted in the court below. The appeal to this court was based upon the theory that substantial questions of fact remained which would entitle the appellant-defendant to a jury trial.

At the time of the oral argument counsel for the appellant conceded that the administrative remedies provided for by statute and regulation had not been exhausted by the appellant-defendant. The same issue has been previously reviewed in Donaldson v. United States, 6 Cir., 1958, 258 F.2d 591, 592, where, in a per curiam decision, this court held, after first finding that the appellant had not exhausted his administrative remedies,

"the jurisdiction conferred by the previous sections to review the legal validity of a determination made by a review committee pursuant to such sections shall be exclusive and 'No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under said sections' ".

The matter has also been reviewed in Miller v. United States, 6 Cir., 1957, 242 F.2d 392, at page 395:

" * * *. It is unnecessary to cite the countless decisions with reference to the rule of exhaustion of administrative remedies and its application to the finality of determination. The doctrine applies to a remedy provided by regulation as well as by statute. National Lawyers' Guild v. Brownell, 96 U.S. App.D.C. 252, 225 F.2d 552. The District Court and this court are deprived of jurisdiction by defendant's failure to seek review. 7 U.S.C. § 1367, 7 U.S.C.A. § 1367. Moreover, defendant's inaction precludes him from raising his constitutional questions, for these questions clearly bear upon the 'legal validity' of the determinations. 7 U.S.C. § 1367, 7 U.S.C.A. § 1367. If defendant were enabled to assert the extensive constitutional points which he raises, we think many of them have in effect been disposed of by the Supreme Court in Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122."

The decision of the District Court is affirmed.