**UNITED STATES of America,
Plaintiff,**

v.

**Walter H. BUSCHMAN, Defendant.**

**Civ. A. No. 19659.**

United States District Court
E. D. New York.

June 5, 1962.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for plaintiff, Philip Silverman, Asst. U. S. Atty., of counsel.

Canetti, Lowenstein & Bailin, New York City, for defendant, Leonard Bailin, New York City, of counsel.

ABRUZZO, District Judge.

The plaintiff instituted this action to recover income taxes, fraud penalties and interest allegedly due from the defendant for the years 1946, 1947, 1948 and 1957 totaling $23,977.78. The defendant does not dispute the amount claimed and concedes that the balances for the years 1948 and 1957 demanded by the plaintiff are due and owing and that the

532

plaintiff is entitled to a judgment for the amounts claimed for these years.

Defendant denies owing any taxes for the years 1946 and 1947, contending that the assessments were improperly made and, therefore, the statute of limitations has run. Conversely, he concedes that if the assessments were properly made then the statute of limitations is not a proper defense.

At the trial of this proceeding the defendant did not take the stand. The only person who did testify was Ernest Bauer, supervisor of the certification group of the Internal Revenue Service, Brooklyn, New York. He identified certified copies of the official transcripts of the assessments of income tax levied against the defendant and a transcript of the defendant's account kept in the regular course of business in the Brooklyn District which evidenced that the amount claimed by the plaintiff for the several years demanded in the complaint was due and owing from the defendant.

The assessment list was signed by the head of the collection division, office of the Commissioner of Internal Revenue. Defendant contends that the plaintiff has failed to prove that the Commissioner had delegated authority to the head of the collection division to sign the list on behalf of the Commissioner pursuant to the provisions of Section 3647 of the Internal Revenue Code of 1939 (formerly Section 3647 of Title 26 U.S.C.A.).

On February 16, 1953, the defendant pleaded guilty to the first count of a two-count indictment charging him with filing a false and fraudulent tax return for the year 1946 (Criminal 43080, Eastern District of New York), as evidenced by Exhibit 4, a certified copy of the judgment of conviction. This plea of guilty was an admission by the defendant against his interest and proof of his liability for said year. United States v. Wainer, 211 F.2d 669 (C.A. 7th).

The testimony adduced on behalf of the plaintiff as evidenced by the assessment list and the certified copy of the defendant's account as kept in the Brooklyn District office clearly shows that defendant owes the taxes assessed not only for the year 1946 but also for the year 1947. Plaintiff has proved a prima facie case and the defendant has failed to rebut this. It was not plaintiff's duty to show that the Commissioner had delegated his authority to the head of the collection division but, on the contrary, it was defendant's duty to prove that he had not. This Court adopts with approval the holding in Donaldson v. United States, 264 F.2d 804 (C.A. 6th), where it was said (p. 807):

"However, the presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131; Shafer v. United States, 4 Cir., 229 F.2d 124, 129."

In view of the defendant's concession that if the assessments were properly made then the defense of the statute of limitations is no defense, the Court finds that the statute did not time-bar the action. Even if this was not so, the presumption of regularity referred to in Donaldson v. United States, supra, and the failure of defendant to overcome this presumption overcomes plaintiff's plea of the statute. It is a six-year statute (26 U.S.C.A. 276(c)). The assessments were made on April 15, 1953. The summons was served upon the defendant on April 8, 1959, within the statutory period.

The Court, therefore, finds that the plaintiff is entitled to the amounts claimed in the complaint—$1,576.04 for the year 1946, $18,978.01 for the year 1947, $2,413.63 for the year 1948, and $1,010.-10 for the year 1957.

Findings of fact and conclusions of law may be submitted in accordance with this decision within the next 15 days.