J. W. PAUL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 467.

United States District Court E. D. North Carolina, Washington Division.

Sept. 27, 1963.

T. Lacy Williams, Raleigh, N. C., for plaintiff.

William M. Cameron, Jr., Asst. U. S. Atty., for defendant.

LARKINS, District Judge.

## SUMMARY

The above-entitled action was brought against the United States of America for the return of farm marketing quota penalties paid by plaintiff, in the amount of $5,866.05, which were imposed pursuant to the provisions of the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C.A. §§ 1281–1407.

The plaintiff complains that the penalty was the result of a retroactive act; that he was entitled to notice of his violation of the regulations prior to the planting season or harvesting season in each year; and, that his constitutional rights have been violated. The defendant contends that this Court lacks jurisdiction and has moved for Summary Judgment.

## FINDINGS OF FACT

1. The plaintiff is a resident of Beaufort County, North Carolina. In October 1953, and for sometime prior thereto, he owned and operated a tobacco farm, designated as Farm No. 296 in the Beaufort County A.S.C. office.

2. After consulting with the Beaufort County A.S.C. office, the plaintiff purchased from his neighbors, Dan M. Paul and wife (Dan M. Paul being a relative), Farm No. 843 on October 2, 1953. This deed stated that it conveyed all the tobacco acreage allotment on said farm.

3. By deed dated October 3, 1953, the plaintiff reconveyed Farm No. 843 to Dan M. Paul and wife, which deed stated that no tobacco acreage allotment was being conveyed.

4. The plaintiff, after receiving the deed to Farm No. 843, and before delivery of his return deed to Dan M. Paul, exhibited to John H. Nance, Beaufort County A.S.C. Office Manager, the deed to Farm No. 843 and requested that the tobacco acreage allotment on that farm be transferred to his farm, Farm No. 296. This was accomplished on April 30, 1954.

5. For the years 1954, 1955, and 1956, the plaintiff was allocated a tobacco acreage allotment based on the combination of Farm No. 296 and Farm No. 843.

6. Plaintiff did not at any time during the years 1954, 1955, or 1956 own any interest in, or operate Farm No. 843.

7. On January 9, 1957, the plaintiff paid to the A.S.C. office a penalty in the amount of $1,560.06 which was assessed against the plaintiff because he had produced flue-cured tobacco on Farm No. 296 in excess of the combined allotments on Farm No. 296 and Farm No. 843.

8. Through an investigation of the land records of the Register of

Deeds of Beaufort County, North Carolina, conducted in September of 1956 by J. N. Bryan, Jr., an employee of the Department of Agriculture, the defendant discovered that the plaintiff had reconveyed Farm No. 843 to its original owners, Dan M. Paul and wife, in October of 1953, and that the plaintiff had no ownership therein.

9. When the defendant discovered that plaintiff had no interest in Farm No. 843, the defendant revised the allotment and marketing quota notices for the years 1954, 1955, and 1956, correcting said quotas for Farm No. 296 by reducing the quotas for said years by the number of acres the allotments had been increased by reason of an ineligible combination of Farm No. 296 and Farm No. 843. The plaintiff received this notice on June 26, 1957.

10. On or about July 13, 1957, plaintiff was notified he had been assessed a penalty for tobacco acreage allotment violation for 1954, 1955, and 1956 in the amount of $5,866.05.

11. Plaintiff paid this penalty on August 5, 1959.

12. On May 10, 1960, J. W. Paul filed with the Beaufort County A.S.C. office a claim for a refund of this penalty of $5,866.05, which claim was heard by the State A.S.C. Committee in Raleigh, North Carolina on June 6, 1960, and denied.

## CONCLUSIONS OF LAW

A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will be granted to the party so moving only if there is no material issue of fact remaining for decision and if the movant is entitled to the decision as a matter of law. 6 Moore, Federal Practice § 56.04[1], at 2028 (2d. ed. 1953). In this action there appears to be no material issue of fact remaining for decision. The issue of law which is presented for decision is whether plaintiff has failed to apply for his administrative remedies, and, if so, whether such failure precludes him from challenging the determination of the farm marketing quota and the farm marketing excess, and from raising constitutional questions.

The plaintiff complains that the penalty was the result of a retroactive act; that he was entitled to notice of his violation of the regulations prior to the planting season or harvesting season in each year; and, that his constitutional rights have been violated. He thus contends that the revised allotments and marketing quotas were not determined in accordance with law.

The only way plaintiff may bring this matter to the court for determination is specifically provided by statute. The applicable statutory provisions of Title 7 U.S.C.A. are:

(a) Section 1363, which provides that any farmer who is dissatisfied with his farm marketing quota may have this quota reviewed by a local review committee if he asks for such review within fifteen days of his notice of allotment, as provided by Section 1362. If he does not ask for review within this period the original determination of the quota becomes final.

(b) Section 1365, which, in effect, states that a farmer who is dissatisfied with the determination of the review committee may, within fifteen days after notice of their determination, file a bill in equity against the review committee, as defendant, in the United States District Court, or institute proceedings for review in any court of record of the State having general jurisdiction for the purpose of obtaining a review of such determination.

(c) Section 1366 pertains to court review. It states, in part, that the review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence shall be conclusive.

(d) Section 1367 provides, in part, that notwithstanding any other provision of law, the jurisdiction conferred by these sections to review the legal validity of a determination made by a review committee pursuant to said sections shall be exclusive. "No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under said sections."

The plaintiff in this case failed to comply with Section 1363. He did not have the revised quota reviewed by a local review committee. As a result, the original determination of the farm marketing quota is final. Plaintiff cannot now institute proceedings in this Court and attack the validity of such determination. Section 1367 plainly states that, "No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under said sections."

Numerous decisions are in agreement with this. One of the most recent decisions which so holds, and which the court deems governing in the instant case, is Weir v. United States, 310 F.2d 149 (8th Cir., 1962). This suit was brought by the United States to recover a penalty imposed by the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C.A. §§ 1281–1407. The United States sought to recover $16,776.80 farm marketing excess penalty, plus interest thereon, imposed by 7 U.S.C.A. § 1356, for the defendant's having raised more rice in the year 1959 than the farm marketing quota assigned to him allowed.

The defendant moved to dismiss the action for failure to state a claim, which motion was denied. He then answered and asserted a counterclaim wherein he sought to recover the penalty he had paid in 1958 and charged that the Agricultural Adjustment Act and the applications thereof were unconstitutional.

The United States moved for summary judgment, which motion was granted. The Court said:

"Apart from the constitutional issue, courts of appeals considering the question have almost without exception held that as to issues entrusted by the Act and Regulations to the local ASC Committee for determination, a court will not upset the committee's action when the complaining party has failed to resort to the review relief provided by § 1363 or the appeal from the review board to the court, authorized by §§ 1356–66. United States v. Jeffcoat, 4 Cir., 272 F.2d 266; Donaldson v. United States, 6 Cir., 264 F.2d 804; Donaldson v. United States, 6 Cir., 258 F.2d 591; Miller v. United States, 6 Cir., 242 F.2d 392; Corbin v. United States, 6 Cir., 279 F.2d 431; United States v. Stangland, 7 Cir., 242 F.2d 843; Rigby v. Rasmussen, 10 Cir., 275 F.2d 861; Corpstein v. United States, 10 Cir., 262 F.2d 200.

\* \* \* \* \* \*

"We believe that the statutes and the regulations place the initial responsibility for determining quotas and marketing excess with the County ASC Committees. The statutes and regulations previously discussed set out the exclusive means for attacking the decisions of the county committees upon such issues. If no appeal is taken from the county committee to the review board, such committee's decision is final. § 1363. A dissatisfied farmer who has not exhausted the review board remedy cannot reach the courts. Such is the situation here.

"Appellant's failure to exhaust the remedies available to him affords an additional sound basis in support of the summary judgment.

"The result here seems somewhat harsh. Possibly if appellant had pursued the administrative remedies available to him, he might have obtained some relief. In any event, we have no right to determine the wisdom of legislation that is found to be constitutional. The legislative body is the proper source for any needed relief."

In Miller v. United States, 6 Cir., 242 F.2d 392, 395, certiorari denied 355 U.S. 833, 78 S.Ct. 48, 2 L.Ed.2d 44, which is cited in the above case, the Court said in answering the identical issue presently before this court: "Moreover, defendant's inaction precludes him from raising his constitutional questions, for these questions clearly bear upon the 'legal validity' of the determinations." Inasmuch as plaintiff has failed to exhaust the administrative remedies available to him and, as a consequence, the original determination of his quota became final, we deem it unnecessary to discuss further contentions set forth by the plaintiff. This court has no authority to review the original determination, Title 7 U.S.C.A. § 1367, which is final by law, Title 7 U.S.C.A. § 1363.

Therefore, it is ordered, that the Motion of the defendant for Summary Judgment in this action be, and the same is hereby granted.