Mervin **GAJEWSKI,** Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17386.

United States Court of Appeals Eighth Circuit.

Feb. 5, 1964.

**240**

Francis Breidenbach, Bismarck, N. D., for appellant.

John O. Garaas, U. S. Atty., Fargo, N. D., for appellee.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant Mervin Gajewski[1] from final judgment against him on a seven-count complaint seeking farm marketing excess penalties with respect to wheat under the provisions of the Agricultural Adjustment Act of 1938 as amended. 7 U.S.C.A. § 1281 et seq.[2] Jurisdiction for the enforcement of the penalty is conferred upon the trial court by 7 U.S.C.A. § 1376 and 28 U.S.C.A. § 1345.

The first six counts relate to a farm known as No. 33-20. Penalties are sought for the years 1954 through 1959. Defendant during each of such years owned and operated said farm and planted and harvested wheat therefrom in excess of his acreage allotment and marketing quota. Count 7 relates to excess wheat planted on farm No. 33-83 covering only the year 1959.

No detailed discussion of the rather complex statutory provisions implemented by regulations relating to production of wheat during the years in question is required to dispose of the issues before us. For a description and discussion of the statutory wheat program, see Review Committee, Venue VII, Commodity Stabilization Service, U. S. Dept. of Agriculture v. Willey, 8 Cir., 275 F.2d 264; Rigby v. Rasmussen, 10 Cir., 275 F.2d

861; United States v. Lillard, W.D.Mo., 143 F.Supp. 113. It is sufficient to say that during each of the involved years marketing quotas were in effect as a result of a favorable vote in a referendum by wheat farmers, and that wheat farmers who produced wheat in excess of their marketing quotas are required to pay a penalty upon such excess. Section 1340 provides for the computation of the penalty. Section 1372 provides for payment and Section 1376 for enforcement. Notice of acreage allotment, marketing excess and penalty was given to the defendant with respect to each year.

This case was tried to a jury upon special interrogatories. The jury answered the interrogatories favorably to the Government and judgment was entered in favor of the Government for the penalties claimed.

Defendant as a basis for reversal relies upon asserted errors stated as follows:

I. Error in holding the Agricultural Adjustment Act as applied to the defendant to be constitutional.

II. Error in denying defendant's motion for directed verdict.

### I.

The attack upon the constitutionality of the Act is adequately answered by our decision in Weir v. United States, 8 Cir., 310 F.2d 149, 152. We there stated:

"[T]he constitutionality of the Agricultural Adjustment Act, including its marketing quota provisions, has been upheld by previous decisions of the Supreme Court and that an attack upon the constitutionality of the Act no longer presents a substantial question. The Act has been held constitutional in Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L. Ed. 122; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092;

---

1. Defendant's brother Loren was made a co-defendant as to count 7. The court dismissed the action as to Loren and he is not involved in this appeal. For simplicity, Mervin Gajewski will be referred to in this opinion as defendant.

2. Subsequent statutory references in this opinion, unless otherwise indicated, refer to the Agricultural Adjustment Act, 7 U.S.C.A.

United States v. Haley, 358 U.S. 644, 79 S.Ct. 537, 3 L.Ed.2d 567, United States v. Haley, 371 U.S. 18, 83 S.Ct. 11 [9 L.Ed.2d 1]."

 Defendant claims his position is different than that involved in other attacks upon the Act in that he holds title to the land as successor in interest of an original patentee who received the land from the Government without restriction with respect to the use of the land and hence the Government is prohibited from impairing the obligation of its contract by providing for marketing restrictions. Such contention is wholly without merit. Most land is so held. The Government did not enter into any contract not to pass any laws within its constitutional powers which would affect the use of the land. Obviously the Government retains the right to exercise its constitutional right to enact laws in the public interest. See 11 Am.Jur. Constitutional Law, § 268; Fleming v. Rhodes, 331 U.S. 100, 107, 67 S.Ct. 1140, 91 L.Ed. 1368.

## II.

Defendant's motion for directed verdict appears to be based upon his contention that the proper conditions precedent to the imposition of the penalties were not observed in establishing his wheat acreage, marketing quotas and penalties in each of the involved years; more specifically that the allotment was not made during the crop year to which it applied and the notices of allotment, marketing excess and penalty were not given during the crop year to which they pertain.

Defendant does not challenge the determination that he was the owner and operator of the farms during each of the years or the finding as to wheat acreage allotted or the wheat planted or the accuracy of the penalty computation.

Defendant contends that the Act is only prospective in its operation and that it is necessary for the Government to take the various steps just referred to within the marketing year and that in the absence of such action, jurisdiction is lacking to assess and collect penalties.

Defendant does not point to any statute or regulation making the giving of the various notices at any particular time a jurisdictional requirement for the assessment of the penalties. Section 1362 provides for allotment notices to be given prior to referendum vote "insofar as practicable." This falls far short of establishing a jurisdiction prerequisite with respect to the time of the notice. The Act contains no specific limitation with respect to actions to enforce the penalty.

 Defendant in support of his contention that a jurisdictional requirement exists that the various notices must be given during the particular marketing year involved cites Hasty v. Carter, 105 Ga.App. 139, 123 S.E.2d 563; United States v. Harvey, N.D.Tex., 131 F.Supp. 493; United States v. Lynn, E.D.Ky., 132 F.Supp. 605. Each of said cases is clearly distinguishable factually from our present situation in that in such cases application and allotment had been made and the complaint was with respect to a belated change in the allotment. With respect to the Hasty case, upon which defendant places considerable reliance, we observe that we are here considering a question of federal law and Hasty, to the extent that it is inconsistent with the views hereinafter expressed, is not persuasive.

The Act contemplates an application for allotment by the wheat producer. Regulation 748.415 requires a farmer interested in wheat production to apply for an allotment and furnish specified relevant information as to past wheat production history, which information is vital to the proper administration of the Act. 7 C.F.R. § 748.415. See United States v. Lillard, supra; United States v. Nelson, D.Mont., 160 F.Supp. 710. It is conceded that defendant filed no such application and that the County Committee had no information that the farm was a wheat producing farm prior to July 1957. Obviously the committee had no opportunity to issue the various notices prior to July 1957.

■ The Government urges that the Act provides the exclusive remedies for attack upon determination of acreage allotments and farm marketing excesses, and that defendant is precluded by his failure to exhaust his administrative remedies from raising the issues here that error was committed in determining the acreage allotments and farm marketing excesses and the resulting penalties due. We agree with such contention. We so held in Weir v. United States, supra. While Weir involved rice and this case involves wheat, the same review statutes are applicable. A farmer aggrieved with his acreage allotment or his farm marketing excess determination is given a right by § 1363 and 7 C.F.R. § 711.13 to have such determinations of the County Committee reviewed by an independent review board and the further right under §§ 1363, 1365 and 1366 to have a court review of the determination made by the review board.

Courts have virtually without exception held that the Act provides for an adequate administrative remedy and that such remedy is intended by the Act to be and in fact is the exclusive means of attacking County Board determinations with regard to acreage allotments and marketing excesses. The court will not upset the committee's action when the complaining party has failed to resort to the review relief provided by § 1363 or to court appeal from the review board determinations as provided by §§ 1365 and 1366. United States v. Jeffcoat, 4 Cir., 272 F.2d 266; Donaldson v. United States, 6 Cir., 264 F.2d 804; Donaldson v. United States, 6 Cir., 258 F.2d 591; Miller v. United States, 6 Cir., 242 F.2d 392; Corbin v. United States, 6 Cir., 279 F.2d 431; United States v. Stangland, 7 Cir., 242 F.2d 843; Rigby v. Rasmussen, 10 Cir., 275 F.2d 861; Corpstein v. United States, 10 Cir., 262 F.2d 200.

It is stipulated that notices of acreage allotments, marketing excesses and penalties were given defendant with respect to each of the involved years. For the years 1954 through 1958, defendant sought and obtained a review of his acreage allotment. He received notice of the review board's determination but did not seek court review. With respect to 1959, defendant did not seek review of the County Committee's determination by the review board as to either farm. Moreover, defendant did not seek a downward adjustment in the farm marketing excess for any year as he was authorized to do. § 1340(12); 7 C.F.R. § 728.862.

Section 1367 specifically makes the review provisions of the Act the exclusive remedy and provides that no court shall pass upon the validity of any such determination except in a proceeding under said section.

Thus it clearly appears that defendant by failing to follow the administrative review proceedings provided by the Act is precluded from raising the issues which he here seeks to present. Defendant, by reason of his failure to pursue the adequate administrative remedies provided for in the Act, is bound by the determination made by the County Committee and the review board.

The judgment is affirmed.