**James GULLEY and Charlie Feagins, Plaintiffs,**

v.

**Harvey HURLEY, Bruce Hurley, Fred Berry, Manager, and O. N. Gatewood, George S. Ward and Emory Morgan, Hawkins County Agricultural Stabilization and Conservation Committee, Defendants.**

**Civ. A. No. 2295.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Feb. 17, 1969.

J. O. Phillips, Jr., Rogersville, Tenn., for plaintiffs.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Harvey Hurley owned a farm in Hawkins County, Tennessee. Mrs. Laura Henshaw owned a life estate in another farm in that county. Both had been awarded allotments for the growing of burley tobacco. These two farms were combined for the purpose of agricultural allotments. Regulations Governing Reconstitution of Farms. Allotments and Bases, 29 F.R. 13370, as amended.

After Mrs. Henshaw's death, the plaintiff, Mr. Gulley, purchased that farm from the owners of the remainder interest and, on June 5, 1968, applied to have the combined farms reconstituted into separate units and a separate tobacco allotment issued as to the former

**550**

Henshaw farm. The Agricultural Stabilization Conservation Service Committee of Hawkins County denied the request, on the grounds that the 1968 allotments had then already been issued and burley tobacco was already growing on the combined farms.

Mr. Gulley sought no review of this action by the local review committee for that county as permitted by 7 U.S.C. § 1363. Had he done so, and if he continued to be dissatisfied with the determination of the local review committee, he could have filed a timely bill in equity in this Court against the local review committee and obtained a judicial review of its action. 7 U.S.C. § 1365.

▮ It is evident that the Congress intended to establish these procedures as the exclusive remedies for farmers, dissatisfied with their farm marketing quotas, to follow and to allow them to reach the courts in no other way, Weir v. United States, C.A.8th (1962), 310 F.2d 149, 156[11], 157[13]. The Agricultural Adjustment Act itself provides that "* * * No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under this part [7 U.S.C. ch. 35, (c), Part I]. * * * " 7 U.S.C. § 1367. The exhaustion of these exclusive administrative remedies being necessary before this Court can acquire jurisdiction of the subject matter of this action, United States v. Bradt, D.C.Cal. (1968), 280 F. Supp. 858, 859[2], this Court appears to lack jurisdiction to pass upon the validity of the committee's determination at this time. Gajewski v. United States, C.A.8th (1964), 327 F.2d 239, 242.

Unless within twenty days from the entry of this memorandum and order, the plaintiffs show the Court why it has jurisdiction, the motion of the defendants to dismiss this action will be Granted for want of jurisdiction of the subject matter. Rule 12(b) (1), Federal Rules of Civil Procedure, and same will stand Dismissed.