**UNITED STATES of America,
Plaintiff,**

v.

**Allen J. GOSSETT, also known as A. J.
Gossett, Defendant.**

**Civ. A. No. 1568.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

June 6, 1961.

Charles W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

Fines F. Batchelor, Jr., Van Buren, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This case is before the court on plaintiff's motion for summary judgment. The record reflects that the complaint was filed on December 27, 1960, and is an action brought under the Soil Bank Act, 7 U.S.C.A. § 1801 et seq. It is alleged that on October 15, 1956, the defendant entered into a conservation reserve contract with the Secretary of Agriculture pursuant to the applicable provisions of the Soil Bank Act, and in accordance with the agreement the defendant specifically designated 45 acres of cropland in his farm as conservation reserve, thereby being diverted from production of agricultural commodities. The contract was approved and signed on behalf of the Secretary of Agriculture on December 3, 1956, and covered the period of 1956 through 1959. The contract provided for payment of compensation to the defendant in the amount of $405 for each year in which there was full compliance with its terms. The harvesting of a crop from the land designated as conservation reserve during the contract period was prohibited by the contract.

It is further alleged that on January 14, 1958, the defendant was notified by registered mail that the Arkansas Agricultural Stabilization and Conservation State Committee had determined that he had violated his conservation reserve contract by knowingly and wilfully harvesting a crop from the conservation reserve in 1957. As a result of such determination, the compensation payable to the defendant in 1957 was forfeited, and in addition a civil penalty in the amount of $202.50 was assessed. The Government further alleged that the defendant was duly notified of the violation of his contract and afforded an opportunity to be heard in connection therewith, but that

the defendant failed to request an opportunity to be heard. Finally, it is alleged that the defendant failed to seek judicial review of the State Committee's determination within 90 days from the date of notice, and that such determination is final and conclusive. Judgment is prayed in the amount of $202.50, plus interest and costs, the same being the civil penalty assessed by the State Committee.

On January 14, 1961, the defendant filed his answer in which he does not dispute the allegation that a contract was entered into, or that the proceedings by the various committees were actually had. Defendant does deny, however, that he knowingly and wilfully grazed or harvested any crop from the reserve acreage and that he is liable for a civil penalty. Defendant further contends that the State Committee did not have jurisdiction to assess the civil penalty and that its determination is not final or conclusive.

The motion for summary judgment was filed by the Government on May 10, 1961, and attached thereto are photostatic copies of the Soil Bank Reserve Contract and records of the various hearings conducted by the County and State Committees and the notices thereof sent to defendant.

There are several sanctions which the Government may seek against a farmer who violates the terms of the Soil Bank Agreement by harvesting crops or grazing animals on the reserve acreage. The first and most common is for the contract to be terminated and further payments canceled and advance payments recouped, if any have been made. The procedure for termination of the contract is found in 7 U.S.C.A. § 1831(d), and provides as follows:

"A contract shall not be terminated under paragraph (6) of subsection (a) of this section unless the nature of the violation is such as to defeat or substantially impair the purposes of the contract. Whenever the State committee believes that there has been a violation which would warrant termination of a contract, the producer shall be given written notice thereof by registered mail or certified mail or personal service, and the producer shall, if he requests such an opportunity within thirty days after the delivery or service of such notice, be given an opportunity to show cause, in an informal proceeding before the county committee under regulations promulgated by the Secretary, why the contract should not be terminated. If the producer does not request an opportunity to show cause why the contract should not be terminated within such thirty-day period, the determination of the State committee made in accordance with regulations of the Secretary shall be final and conclusive. If the producer within such thirty-day period requests an opportunity to show cause why the contract should not be terminated, the county committee, at the conclusion of the proceeding, shall submit a report, including its recommendations, to the State committee for a determination, on the basis of such report and such other information as is available to the State committee, as to whether there has been a violation which would warrant termination of the contract. The producer shall be accorded the right, in accordance with regulations promulgated by the Secretary, to appear before the State committee in connection with the State committee's determination of the issue. The producer shall be given written notice by registered mail or certified mail or personal service of the State committee's determination. If the producer feels aggrieved by such determination, he may obtain judicial review of such determination by filing a complaint with the United States district court for the district in which the land covered by the contract is located, within ninety days after the delivery or service of notice of such determination

*  *  *. Service of process in such action shall be made in accordance with the rule for service of process upon the United States prescribed by the Rules of Civil Procedure for the United States District Courts. The copy of the summons and complaint required to be delivered to the officer or agency whose order is being attacked shall be sent to the chairman of the State committee. The action in the United States district court shall be a trial de novo to determine whether there has been a violation which would warrant termination of the contract. If the producer does not seek judicial review of the State committee's determination within the ninety-day period allowed therefor, the State committee's determination shall be final and conclusive. The terms 'county committee' and 'State committee' as used herein refer to the county and State committees established under section 590h of Title 16."

Therefore, it is apparent that insofar as the sanction of termination and recoupment of payments is concerned, the determination of the State Committee is final unless judicial review is sought within the 90-day period. In the instant case no such review was sought by the defendant within the allowed time. However, it should be noted that in this action the Government does not seek a refund of payments made under the contract terminated, but rather seeks a recovery of a civil penalty assessed by the State Committee.

Imposition of a civil penalty is another sanction afforded the Government against producers who violate the terms of their Soil Bank agreements. The statutory provisions providing for this penalty are separate and distinct, however, from those concerning termination of the contract and refund of payments made. The statute authorizing civil penalties in Soil Bank cases is found in 7 U.S.C.A. § 1811, which provides:

"Any producer who knowingly and willfully grazes or harvests any crop from any acreage in violation of a contract entered into under section 1821 or 1831 of this title shall be subject to a civil penalty equal to 50 per centum of the compensation payable for compliance with such contract for the year in which the violation occurs. Such penalty shall be in addition to any amounts required to be forfeited or refunded under the provisions of such contract, and shall be recoverable in a civil suit brought in the name of the United States."

In commenting on this section, the Court of Appeals for this Circuit said in United States v. Maxwell, 8 Cir., 1960, 278 F.2d 206, 208:

"The situation relative to the recovery of civil penalties is somewhat different. Neither the Secretary nor his representative is given power to adjudicate liability for civil penalties. Section 1811, relating to the enforcement of civil penalties, reads:

(Quoting section 1811).

"The statute just quoted clearly vests jurisdiction to enforce the penalty in the district court. The State Committee exceeded its jurisdiction in attempting to assess penalties. The Committee's determination as to penalties is without any legal significance."

The Government attempts to evade the above quoted rule by tacitly admitting that while the State Committee may have exceeded its jurisdiction in invoking the civil penalty, nevertheless its finding that the defendant knowingly and wilfully harvested a crop from the acreage in question is final as to the question of whether or not the producer violated the terms of the Soil Bank Agreement by knowingly and wilfully grazing or harvesting crops from the land in reserve insofar as the termination of the contract is concerned if no judicial review is sought within the statutory time limit. The question which must be determined, insofar as this motion is concerned, is whether or not the State Committee's finding that the defendant knowingly

and wilfully harvested a crop on the acreage in question, which finding was used as a basis for termination of the contract, is binding on this court in an action for a civil penalty.

The only issue to be determined in a suit for civil penalty under 7 U.S.C.A. § 1811, is whether there was a knowing and wilful violation. If, as the Government contends, the finding of the State Committee to this effect is binding in the instant case, then there would be no reason for further proceedings, and the Government's motion for summary judgment should be sustained.

If such was the law, then a producer would be obligated to contest the finding of the State Committee terminating his contract on the basis that he knowingly and wilfully grazed or harvested a crop from the acreage in reserve in order to protect himself from a possible subsequent suit, such as this, for a civil penalty. This would be true even though the producer did not object to the termination.

Congress has seen fit to make the decision of the State Committee final as to the termination of the contract in the absence of a timely petition for review. Likewise, Congress has provided that the civil penalty authorized by the same act "shall be recoverable in a civil suit brought in the name of the United States." Title 7 U.S.C.A. § 1811. In the Maxwell case, supra, the Court of Appeals for this Circuit said:

> "Neither the Secretary nor his representative is given power to adjudicate liability for civil penalties."

And later in the next paragraph, it added:

> "The Committee's determination as to penalties is without any legal significance."

In view of the clear words of the statute and the holding of the Court of Appeals, this court does not agree with the plaintiff that the finding of the State Committee that a producer knowingly and wilfully violated his Soil Bank contract by grazing or harvesting crops from the prohibited acreage is binding upon the District Court in a subsequent action by the United States to recover a civil penalty as authorized by 7 U.S. C.A. § 1811.

Therefore, since the defendant denies that he knowingly and wilfully violated the terms of the contract, an issue of fact is presented, and the Government's motion for summary judgment should be overruled.

An order in accordance with the above is being entered today.