UNITED STATES of America, Plaintiff,

v.

Mike B. FRATESI, Defendant.

No. GC646.

United States District Court
N. D. Mississippi,
Greenville Division.

Sept. 25, 1964.

H. M. Ray, U. S. Atty., Oxford, Miss., for plaintiff.

W. C. Keady, Keady, Campbell & De-Long, Greenville, Miss., for defendant.

CLAYTON, District Judge.

This action was brought under the Soil Bank Act (7 U.S.C. § 1801) to recover from defendant payments made to him of $4,126.24 in each of the years 1959 and 1960 and to recover a civil penalty of $2,063.12 for each of the years 1961 and 1962. After answer was filed, a motion was filed by the United States under Rule 56(a), Federal Rules of Civil Procedure for a partial summary judgment covering the aforementioned annual payments of $4,126.24 each. This motion is before the court on affidavits and memorandum briefs of the parties.

On January 15, 1959, the defendant entered into a Conservation Reserve Contract under the provisions of the Soil Bank Act by which he placed 278.8 acres in the Conservation Reserve Program for a period of five years. It provided for an annual payment to the defendant in the amount of $4,126.24 and the defendant agreed therein, inter alia, not to harvest a crop from this land for the period of the contract. The prescribed payments were made to defendant for each of the years 1959 and 1960. No further payments were made to him.

On February 14, 1962, the Mississippi Agricultural Stabilization and Conservation Committee determined that the conservation reserve had been knowingly and wilfully violated by defendant. Due notice was given to him of this determination.

On January 10, 1963, that same committee determined that the conservation reserve had been knowingly and wilfully violated in that crops were harvested for two consecutive years, 1961 and 1962, and the contract was terminated. Defendant was duly notified of this action by certified mail delivered on January 11, 1963. This suit was filed on February 28, 1964, and summons were served on defendant on the 6th day of March, 1964. Between the aforementioned determination of the committee on January 10, 1963, and the filing of this suit, defendant did nothing. He did not request a further hearing, nor did he seek judicial review of the State Committee's determination.

The aforementioned action of the State Committee terminating said contract was taken under the provisions of 7 U.S.C. § 1831(a) (6) (A). This determination included a forfeiture of all rights to the two annual payments aforementioned which had been made under this contract. This statute, at 7 U.S.C. § 1831(d), in referring to such a determination of a State Committee, reads as follows:

"If the producer feels aggrieved by such determination, he may obtain judicial review of such determination by filing a complaint with the United States district court for the district in which the land covered by the contract is located, within ninety days after the delivery or service of notice of such determination, requesting the court to set aside such determination. . . . If the producer does not seek judicial review of the State Committee's determination within the ninety-day period allowed therefor, the State committee's determination *shall be final and conclusive*." (Emphasis added.)

Defendant seeks to avoid recovery by plaintiff of the two aforementioned annual payments made to him by pleading, in essence, that the Farmers' Home Administration financed the growing of crops by defendant on the very land covered by the contract in question here for the years 1961 and 1962 with full knowl-

edge of the existence of said contract and that, in effect, the Secretary of Agriculture who, for plaintiff, controls both the Soil Conservation Program and the activities of the Farmers' Home Administration, induced him to plant soybeans on the covered land and thus to violate the contract in question here. Defendant says that plaintiff therefore is estopped to seek recovery in this suit; that this is a matter of law beyond the competence of the State Committee to determine and hence the motion for partial summary judgment should be overruled and the case tried fully before the court where this question of estoppel may be thoroughly considered and determined by a court, rather than by a committee. But, this position is untenable and this court does not now, nor would it later have, authority to determine the questions of law sought to be raised by defendant. They could have been raised and properly considered if defendant had sought judicial review of the State Committee's determination within the 90 day period allowed therefor. This he did not do and the State Committee's determination became final and conclusive with the expiration of that 90 day period.

In United States v. Sykes, 310 F.2d 417 (5 Cir. 1962) in dealing with an action to recover penalties assessed under the Agricultural Adjustment Act (7 U.S. C. § 1281 et seq.) wherein defendant never sought any administrative review of a County Committee's determination, in holding that the farmer could not collaterally attack such determination, the court, inter alia, said:

> "Had appellee followed the prescribed remedies he could have urged before the committee the questions he urged before the district court and now urges on appeal. Neither legal nor factual questions may now be raised, appellee having failed to raise them in the proper manner. The decision thus became final and binding upon appellee and immune from collateral attack."

Cases which sustain this view are legion. None to the contrary have been cited or found. See, for example: United States v. Gossett, 194 F.Supp. 703 (D. C.1961); United States v. Jeffcoat, 272 F.2d 266 (4 Cir. 1959); Miller v. United States, 242 F.2d 392 (6 Cir. 1957) and Weir v. United States, 310 F.2d 149 (8 Cir. 1962).

There being no genuine issue as to any material fact, plaintiff is entitled as a matter of law to the partial summary judgment sought and an order will be entered accordingly.