In re Linwood R.T. GARRETT, Debtor.

George William SADLER, Jr., Trustee in Bankruptcy for Linwood R.T. Garrett, Plaintiff,

v.

L. Tyler GARRETT, Defendant.

Bankruptcy No. 81–00579–R.
Adv. No. 84–0196–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 17, 1984.

Robert A. Canfield, Richmond, for plaintiff.

L. Tyler Garrett, pro se.

George W. Sadler, Jr., Richmond, Va., Trustee.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the complaint of the trustee, George W.

Sadler, Jr., against L. Tyler Garrett, the debtor's son, to determine the true ownership and title to a certain Dusenberg race car. The defendant answered the complaint alleging that the property was a gift from his father to him and, thus, the trustee in bankruptcy has no interest in the automobile. A trial was held on this matter on September 21, 1984 at which time the Court heard evidence and argument. At the conclusion of the trial, the Court took the matter under advisement. After a review of the evidence and argument of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Linwood R.T. Garrett is the debtor in these Chapter 7 proceedings. He is the father of L. Tyler Garrett who is the defendant in this adversary proceeding. The trustee seeks to establish that no valid gift was ever made of the subject antique Dusenberg race car from father to son. Thus, the trustee seeks a determination by this Court that Linwood R.T. Garrett is the true owner of this automobile and that George Sadler succeeds to his rights as trustee in bankruptcy.

The pertinent facts were undisputed at trial. The automobile is currently located at 5725 Meadowbridge Road, Mechanicsville, Virginia. The car is currently in poor condition, lacking a radiator, carburetor, and does not run. The car has remained at this location since it was first brought on the premises in 1965. The Meadowbridge Road property has been owned by Linwood R.T. Garrett during the entire time the vehicle has been stored there.

The testimony revealed that Linwood R.T. Garrett was the owner of the vehicle prior to 1965. The automobile was stored in a garage on Grace Street in Richmond, Virginia. The garage was one of several garages located in the immediate area. The evidence indicated that several of these garages were destroyed by fire. At this time a Mr. Freddy Pressler, an acquaintance of Linwood R.T. Garrett, had the car towed to his place of residence on Hermi-

tage Road, Richmond, Virginia. The relocation of the vehicle to Pressler's residence was done without Linwood R.T. Garrett's knowledge. Later, Pressler called the elder Garrett and notified him that the car was in his possession on Hermitage Road. Due to the fact that Mr. Pressler had no place to store the vehicle on the premises, he requested that Linwood R.T. Garrett have the car picked up and moved to another location.

The vehicle was subsequently towed from Hermitage Road to the Meadowbridge Road property. The testimony was that Mr. Linwood R.T. Garrett's company probably paid for the towing. The son, L. Tyler Garrett, and Mr. Pressler knew where several of the vehicle's parts were stored and these parts were recovered and also brought to the Meadowbridge Road property. When the car arrived at the Meadowbridge Road property, L. Tyler Garrett asked his father if he would "let him get the car running." L. Tyler Garrett stated in his testimony that the gift occurred at this point. The undisputed testimony of both the elder Garrett and his son indicate that the elder Garrett intended to make a gift of the car to his son.

The conversation between the elder Garrett and his son which prompted the elder Garrett to give the car to his son took place prior to the car being placed in the trailer. The car was subsequently transferred to a second trailer, although it is unclear how soon after the car's arrival at the Meadowbridge Road property that this was done. The car has remained in this trailer from 1965 to date. The trailer is owned by Mr. Lee Crenshaw.

There were no signs on the trailer which would indicate the ownership of the trailer or its contents. The only indication of ownership is the fact that the vehicle and the trailer are located on the elder Garrett's property. In response to questions from counsel for the trustee at the trial, L. Tyler Garrett testified that no personal property tax had ever been paid on the vehicle to his knowledge, no spare parts were ever bought by him to get the car running, no

work was ever done on the vehicle except to clean it once, and no one ever offered to purchase the vehicle from him.

L. Tyler Garrett testified that he was employed at the Division of Motor Vehicles ("DMV") from January 2, 1970 to November of 1973. He indicated that while employed for DMV he researched the records of old car titles for evidence of a title to the subject automobile. This occurred in 1970. He further testified that he could not find a title for it in the records at DMV. Although DMV has a system for acquiring title to old cars which may never have been titled, Mr. Garrett testified that he did not seek to obtain a title because his understanding of the law was that you do not need a title to the vehicle unless you want to license it. Since the car had never been licensed, it was logical that there was no title. Since he did not wish to license it either, he did not seek a title.

L. Tyler Garrett owns other tangible personal property which he states was given to him by his father. This property consists of a boat with a trailer, an engine for the boat, and a hydroplane. Mr. L. Tyler Garrett testified that this property has at one time or another all been stored on the elder Garrett's property, as has other property owned by the younger Garrett's brother.

Finally, Mr. Linwood R.T. Garrett testified that offers had been made to him by others to purchase the car. Lee Crenshaw, the owner of the trailer, had made one offer. With respect to other possible offers, the elder Garrett could not recollect the specifics.

## CONCLUSIONS OF LAW

The issue before the Court in this case is whether the facts as given are sufficient to establish a valid gift under Virginia law from Linwood R.T. Garrett to his son, L. Tyler Garrett of an antique Dusenberg race car. This Court must, therefore, inquire into the requirements of a valid gift under Virginia law in order to resolve this issue.

In Virginia, in order for there to be a valid gift of personal property, it must be shown that there existed a present intention on the part of the donor to make a gift, coupled with a delivery, either actual or constructive, such as to divest the donor of all dominion and control over the property and place it in the donee. *Taylor v. Smith,* 199 Va. 871, 102 S.E.2d 160 (1958). In addition to the common law requirements of a valid gift, Virginia Code § 55–3 states in pertinent part that "[n]o gift of any goods or chattels shall be valid unless by deed or will, or unless actual possession shall have come to and remained with the donee or some person claiming under him." Va.Code § 55–3 (Repl.Vol.1981.)

The trustee takes the position that even assuming that this Court finds an intent to make a gift sufficient to satisfy the requirements of Virginia law, nevertheless the gift fails for lack of sufficient delivery because at no time did L. Tyler Garrett ever come into the actual possession of the vehicle as required by Virginia Code § 55–3. This Court does in fact conclude that Linwood R.T. Garrett held the requisite intention to make a gift of his Dusenberg race car in 1965 at the time the vehicle came onto the premises at the Meadowbridge Road property. The Court also finds that it was the intention of the parties that the gift be valid. However, the evidence is equally clear that the automobile was not titled in anyone's name nor was any written instrument prepared to evidence the gift or the transfer of ownership such as to comply with Virginia Code § 55–3. Thus, unless the Court shall find "actual possession" to have come to or remained with the donee, this Court cannot find that a sufficient delivery took place to uphold the gift.

With respect to the burden of proof of establishing a sufficient delivery, it is settled in Virginia that the one claiming the validity of the gift has the burden of proof to establish by clear and convincing evidence all the facts and circumstances which would show that the gift was, in fact, a valid one. *Nelson v. Liggan,* 189 Va. 637,

53 S.E.2d 798, *aff'd,* 190 Va. 213, 56 S.E.2d 54 (1949). *See also Taylor v. Smith,* 199 Va. 871, 102 S.E.2d 160 (1958).

Virginia Code § 55–3 states that unless a gift of personal property is evidenced by a "deed or will" the gift must be evidenced by "actual possession." This has been construed in *Taylor v. Smith,* 199 Va. 871, 102 S.E.2d 160 (1958), to mean either actual or constructive delivery. The delivery must divest the donor of all dominion and control over the property and invest it in the donee. *Id.* at 874, 102 S.E.2d 160. With respect to constructive delivery, it is sufficient if the donor delivers the means of getting possession such as, for example, delivering the keys to a trunk or safety deposit box. *See Snidow v. First National Bank,* 178 Va. 239, 249, 16 S.E.2d 385, 388 (1941).

The evidence is clear that the Court may not find a constructive delivery in this case. Although the automobile was stored in a trailer owned by a third party, Lee Crenshaw, there was no evidence that the donor either had the keys to the trailer or that the trailer was ever, in fact, locked. Nor is there any evidence that the elder Garrett ever gave, or the younger Garrett ever requested, the keys to the subject vehicle. Thus, *Snidow* is inapposite to this case and this Court is unable to find a constructive delivery.

This Court must also conclude that it cannot find an actual delivery which would divest the donor of all dominion and control over the property and invest actual possession and control in the donee. The facts in this case are clear. Mr. Linwood R.T. Garrett owned the automobile prior to and during 1965 when it was stored on Grace Street, Richmond, Virginia. The automobile was subsequently moved to Mr. Pressler's residence only because of a fire which had occurred in several adjacent garages. Because Mr. Pressler had no place to store the vehicle, the elder Garrett and his son had the property towed to the father's Meadowbridge Road property. For the past 19 years, the automobile has remained on the father's property albeit in a trailer owned by Lee Crenshaw situated on the premises. There was no evidence that L. Tyler Garrett paid any property taxes on the vehicle, acquired a title to evidence his ownership, bought parts or did any material work on the vehicle, did not pay rent to his father for use of the land for storage, nor was there any evidence that L. Tyler Garrett manifested any other act of dominion or control over the property sufficient to allow this Court to make a finding that a valid delivery had occurred.

This Court has not overlooked the fact that the parties sincerely intended to make a gift. However, the requirement that there be a sufficient delivery to evidence the gift has been a part of the law dating back to England and the Roman civil law. *See Yancey v. Field,* 85 Va. 756, 8 S.E. 721 (1889). The purpose of the requirement is to prevent fraud and perjury. *Id.* at 760. Ownership of personal property would always be in doubt if the law would countenance a state of affairs where individuals could pass ownership of their personal property back and forth merely in their minds without any overt acts to evidence such gifts. As such, the law has a beneficial purpose although it may work hardship in an individual case.

For the aforementioned reasons, this Court concludes that Mr. Linwood R.T. Garrett was the owner of an antique Dusenberg race car located at 5725 Meadowbridge Road, Mechanicsville, Virginia at the time he filed his petition in bankruptcy and that this property became property of Mr. Garrett's bankruptcy estate. Accordingly, the Court should order the Chapter 7 trustee to take possession of the automobile and proceed with the disposition of this asset of the debtor's estate and order such other relief as may be necessary to implement the Court's decision.

An appropriate Order will issue.

### ORDER

For the reasons stated in the Memorandum Opinion entered this same date, it is hereby

ORDERED that L. Tyler Garrett be enjoined from interfering with the trustee, George W. Sadler, Jr., in disposing of this asset of the Linwood R.T. Garrett estate or asserting any further interest in said property, and it is further

ORDERED that the trustee be and hereby is directed to take possession of the subject vehicle and proceed with the disposition of this asset of the debtor's estate.