## UNITED STATES *v.* HALEY.

No. 148. Decided October 15, 1962.*

*Solicitor General Cox, Assistant Attorney General Orrick, Alan S. Rosenthal* and *David L. Rose* for the United States.

*James P. Donovan* for appellee in No. 148.

---

*Together with No. 139, Misc., *United States* v. *United States District Court for the Northern District of Texas,* on motion for leave to file petition for writ of mandamus and on petition for writ of mandamus.

PER CURIAM.

The order of the District Court, dated February 26, 1962, denying the motion of the United States for judgment in this action evidently rested on a misconception of the scope and effect of this Court's *per curiam* opinion on the Government's earlier appeal, 358 U. S. 644, and of its judgment issued February 24, 1959. In light of the issues tendered in the papers filed on that appeal there can be no doubt that this Court's judgment finally established the Government's right to the relief sought in this action, subject only to the District Court's resolution of Haley's procedural defense, still unadjudicated, to the effect that the Government had failed to comply with conditions requisite to the effective establishment of a wheat acreage allotment for Haley. See Jurisdictional Statement of the United States and Appellee's Statement Opposing Jurisdiction and Motion to Dismiss or Affirm in No. 587, October Term, 1958; Appellee's Motion to Vacate the Court's Judgment of February 24, 1959, denied April 27, 1959, 359 U. S. 977; and Appellee's Motion for Rehearing, denied April 27, 1959, 359 U. S. 981.

More particularly, this Court then necessarily decided (1) that it had jurisdiction over such appeal; (2) that the relevant provisions of the Agricultural Adjustment Act of 1938, 52 Stat. 31, as amended, 7 U. S. C. § 1281 *et seq.,* embraced the conduct of Haley complained of in this action; and (3) that the Act was constitutional as applied in the premises. Under the remand ordered by this Court's judgment of February 24, 1959, there was thus left open to the District Court only the adjudication of Haley's above-mentioned procedural defense. The District Court erred in believing that it was not foreclosed from inquiring into this Court's jurisdiction over the

Government's appeal and from reinstating its own original judgment in the case, which appears to have been the effect of its denial of the Government's motion for judgment following remand. See *In re Sanford Fork & Tool Co.,* 160 U. S. 247, 255.

The District Court's error should be rectified without delay, and we think that the proper means for accomplishing this is by mandamus. 28 U. S. C. § 1651; see *In re Potts,* 166 U. S. 263; *United States* v. *United States District Court,* 334 U. S. 258, 263, 264. Accordingly, in No. 139, Misc., the Government's motion for leave to file a petition for a writ of mandamus, and its petition for a writ of mandamus, are granted.

We shall not, however, issue a formal writ at this time, since we are confident that the District Court, once its misconception of our judgment of February 24, 1959, has been called to its attention, will promptly take steps (1) to set aside its order of February 26, 1962, denying the motion of the United States for judgment; (2) to proceed to resolve Haley's aforesaid procedural defense; (3) if such defense is found to be insufficient, to enter a final judgment in this action in favor of the United States; and (4) if such defense is found sufficient, to enter judgment accordingly. Cf. *Ex parte Northern Pac. R. Co.,* 280 U. S. 142, 530.

In view of our disposition in No. 139, Misc., it becomes unnecessary to consider whether this Court has jurisdiction over the Government's appeal in No. 148, and the motion to dismiss the appeal in that case is accordingly granted and the appeal is dismissed.

*It is so ordered.*

Mr. Justice Goldberg took no part in the consideration or decision of these cases.