**Donald J. HEWITT, Plaintiff,**

v.

**The Honorable Rodney J. RYAN, Judge, Fifth Judicial District, Defendant.**

No. 83–739.

Supreme Court of Iowa.

Oct. 17, 1984.

Patrick H. Payton, Des Moines, for plaintiff.

Richard H. Doyle IV, Des Moines, for defendant.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

McCORMICK, Justice.

We granted review of a court of appeals decision conditionally sustaining a petition for writ of mandamus. Plaintiff Donald J. Hewitt requested the writ in an original action in this court, alleging that defendant Judge Rodney J. Ryan should be prohibited from conducting proceedings in the district court for valuing an interest in stock awarded to Donald's former wife in a dissolution action. We transferred the mandamus action to the court of appeals. In previously deciding an appeal in the dissolution case, the court of appeals had found that a valuation of the stock was unnecessary. Because defendant has not shown that the court of appeals committed legal error or abused its discretion in conditionally issuing the writ to ensure compliance with its earlier decision, we affirm in the present case.

Donald and Carol Hewitt were granted a dissolution of marriage by Judge Ryan on August 5, 1980. Among the assets of the parties were 45 shares of Stoner Development Company stock owned by Donald. The corporation is closely held and the stock has no ready market. The stock is subject to an obligation of the corporation to repurchase upon Donald's termination of employment or death and an option to repurchase if Donald should seek to transfer or encumber it.

Judge Ryan's dissolution decree provided that the stock "be held in trust by [Donald] for the benefit of [Carol] for future determination of the value of said stock upon its availability to or distribution to [Donald] or his estate, at which time [Carol's] interest in said stock shall be determined." The court reserved jurisdiction for such subsequent determination and ordered Donald not to transfer or encumber the stock without court approval. Upon Donald's appeal

from the decree, this court transferred the case to the court of appeals, which in a decision filed in June 1981 modified the decree. In addressing a contention by Donald that the stock should be valued immediately and distributed entirely to him, the court of appeals said:

It is unnecessary that we determine the value of Donald's stock interest because, whatever its value, Carol is entitled to one-half of it. Therefore, we vacate the trial court's order that Donald hold the stock in trust for Carol's benefit, and award Carol a one-half interest in the stock now owned by Donald.

Procedendo issued, and the next relevant event was the filing by Carol of an application with the district court on March 3, 1983, twenty months after the court of appeals decision, asking "for relief and for oral hearing."

In her application Carol alleged she had not received her one-half interest in Donald's Stoner Development Company stock. She asserted that she was entitled from Donald to one-half the August 1980 or March 1983 value of the stock, whichever was greater, and requested the court to determine the stock's value in accordance with one of several suggested alternative procedures. In his answer Donald alleged that Carol received a one-half interest in the stock through the court of appeals modification of the decree and that her application for valuation of the stock constituted an attempt to modify the court of appeals decision.

At the hearing on her application, Carol argued that the court of appeals could not have intended that she receive only an interest in the stock without the right to have the stock valued and to be paid one-half that value by Donald. She contended that her interest in the stock would otherwise be worthless. Donald argued that Carol was seeking to modify the property award of the court of appeals and that the district court lacked authority to grant the relief she requested. Judge Ryan announced he would determine the value of the stock. By oral directive, he gave the

parties one week within which to submit proposals concerning the method of valuation.

Donald immediately filed a petition with this court for a writ of mandamus to require Judge Ryan to vacate his order for valuation of the stock and to preclude him from attempting further to interfere with the court of appeals decision. This court granted the writ and transferred the mandamus action to the court of appeals.

In its mandamus decision the court of appeals said it did not intend by its prior opinion that Donald be required to purchase Carol's one-half interest in the stock. Instead, Carol was to receive one-half of the 45 shares of stock owned by Donald. If the corporation elected to exercise its option to purchase the stock or a portion of it, the court said Carol was to receive her share of the proceeds. The court of appeals thus agreed with Donald that the prior decision gave the district court no authority to value the stock in implementing the decree. Issuance of a formal writ of mandamus was withheld for 30 days to allow the district court to withdraw its order. We then granted Judge Ryan's application for review of the court of appeals decision.

Judge Ryan does not now question the meaning of the initial court of appeals decision. He acknowledges Carol is not entitled to a district court valuation of the stock or to have Donald purchase her interest. He contends, nevertheless, that the court of appeals erred in finding this to be a proper case for issuance of a writ of mandamus. Even though the merits of the case are now moot, we will address the mandamus question because of its public importance. *See Beam v. Iowa Employment Security Commission*, 264 N.W.2d 742, 745 (Iowa 1978).

■ Authority for the court of appeals to issue a writ of mandamus arises from Iowa Code section 661.4 (1983), which provides in material part that a mandamus order may be issued "by the supreme court or the court of appeals to any inferior court, if necessary, and in any other case

where it is found necessary for either of those courts to exercise its legitimate power." The court of appeals is a statutory court with exclusively appellate jurisdiction. It does not have the supervisory and administrative responsibilities of the supreme court. Its power to issue mandamus orders thus is limited to situations where issuance is necessary for the court to protect or preserve its appellate authority. *See* Iowa R.App.P. 22(b). The corresponding power of the supreme court to issue mandamus orders is discussed in *State ex rel. O'Connor v. District Court in and for Shelby County,* 219 Iowa 1165, 1175, 260 N.W. 73, 78 (1935), and *Westbrook v. Wicks,* 36 Iowa 382, 383 (1873).

■ The present case is unusual because this court is sitting in review of an order for mandamus by the court of appeals relating to a decision of that court in an original action. The case is therefore unlike an ordinary further review proceeding where we independently review a decision of the district court. The question for the court of appeals was whether the order was necessary to assist that court in the exercise of its legitimate power. The decision to issue the writ involved an exercise of discretion. *See Baird v. City of Webster City,* 256 Iowa 1097, 1114, 130 N.W.2d 432, 442 (1964). As a result, our review of the decision is for error of law or abuse of discretion. We review the record de novo because the action is equitable. *See* § 661.-3.

A distinction existed at common law between the writs of mandamus and prohibition. Mandamus directed action whereas prohibition forbade action. Both purposes are now served by a writ of mandamus: "The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station." § 661.1.

■ Principles governing mandamus are well established. It is a drastic remedy to be applied only in exceptional circumstances. It is not to be used to establish rights but to enforce rights that have already been established. *Stith v. Civil Service Commission of Des Moines,* 159 N.W.2d 806, 808 (Iowa 1968). The writ can be used to compel a tribunal to act but cannot control its discretion. If there is a plain, speedy and adequate remedy at law, mandamus does not lie. When such a remedy is available through certiorari or appeal, mandamus should not be ordered. *Reed v. Gaylord,* 216 N.W.2d 327, 331–32 (Iowa 1974). The other available remedy, however, "must be competent to afford relief on the very subject matter in question, and be equally convenient, beneficial and effectual." *Virginia Manor, Inc. v. City of Sioux City,* 261 N.W.2d 510, 514–15 (Iowa 1978).

■ In the present case Judge Ryan contends the court of appeals erred on three grounds: (1) the prior court of appeals decision did not constitute a mandate to the district court; (2) the right of appeal provided an adequate remedy; and (3) the writ affected the rights of Carol who was not a party to the mandamus action.

As to the first ground, the court of appeals decision was a mandate to the district court insofar as it authoritatively and finally adjudicated the rights of the parties by modifying and affirming the dissolution decree. The decision ended the litigation. *See McNiel v. District Court of Muscatine County,* 174 Iowa 417, 420, 156 N.W. 358, 359 (1916). The procedendo notified the district court of the terms of the decree that could be carried into effect. *See Dunton v. McCook,* 120 Iowa 444, 447, 94 N.W. 942, 943–44 (1903). The case was not remanded and nothing remained to be done in the district court except for giving effect to the modified decree.

■ The problem is that Judge Ryan undertook a further proceeding on an issue that had been adjudicated in the decree. When the appellate decision does not authorize such further proceedings, the affected party is entitled to an order of mandamus from the appellate court prohibiting them.

*See Ronna v. American State Bank of Walnut,* 215 Iowa 806, 810, 246 N.W. 798, 801 (1933). Thus the procedendo constituted a sufficient predicate for issuance of the writ.

As to the second ground relied on by Judge Ryan, we agree with the court of appeals that Donald's right of appeal from a final order was not equally convenient, beneficial and effective. By bringing the mandamus action Donald sought to avoid the time and expense involved in a valuation proceeding. He could not do so if he waited for the entry of a final order.

Moreover, even an interlocutory appeal would be an inadequate alternative to mandamus in these circumstances. The purpose of an appeal is to establish legal rights. In contrast, the purpose of mandamus is to enforce legal rights that have already been established. Mandamus proceeds on the assumption that the petitioner has the legal right asserted. In this case Donald's position was that the court of appeals had already decided that the stock did not need to be valued. If he were to appeal he would be asking the court of appeals to say again what he maintained the court had already said. Mandamus was the only means available to him to put teeth into that adjudication. If he were wrong in his interpretation of the decree he would not be entitled to mandamus, but if he were right mandamus was the appropriate remedy. *See United States v. Haley,* 371 U.S. 18, 83 S.Ct. 11, 9 L.Ed.2d 1 (1962). As it turned out, the court of appeals found Donald's interpretation was correct and conditionally granted the remedy. An appeal would not have afforded the specific relief to which Donald was entitled.

Finally, we find no merit in Judge Ryan's third ground of attack on the mandamus decision. He contends Carol should have been a party in the mandamus action because her rights were affected. This contention presupposes that her rights had not already been established by the court of appeals. The issue for the court of appeals in the mandamus action was whether an order to Judge Ryan was necessary to pre-vent him from interfering with that adjudication. Carol could have no legitimate stake in arguing that the district court should not be required to give effect to the modified dissolution decree. To the extent she had a legitimate interest in the outcome of the mandamus action, her interest was fully subsumed in the interest of the defendant judge.

Even if Carol and the judge were correct that the prior adjudication was not clear, the court of appeals explained the adjudication in its mandamus decision. No new adjudication of Carol's rights was made. Recognizing the possibility that its prior decision may simply have been misinterpreted, the court of appeals withheld issuance of the writ to give Judge Ryan an opportunity to vacate his valuation order. This procedure did not take from Carol any right she had under the prior court of appeals decision.

Defendant judge has not shown either an error of law or abuse of discretion in the court of appeals mandamus decision.

DECISION OF COURT OF APPEALS AFFIRMED.