Ronald BELLON, Plaintiff–Appellant,

v.

**MONROE COUNTY, Iowa,**
**Defendant–Appellee.**

No. 97–1106.

Court of Appeals of Iowa.

Feb. 25, 1998.

John A. Pabst of Pabst Law Firm, Albia, for appellant.

William S. Owens, County Attorney, for appellee.

Heard by SACKETT, P.J., and STREIT and VOGEL, JJ.

SACKETT, Judge.

Plaintiff-appellant Ronald Bellon appeals following the district court's denial of his request for a writ of mandamus to compel defendant-appellee Monroe County, Iowa, to maintain a county roadway providing access

to property he purchased in 1993 for $24,000. Plaintiff contends the county's failure to upgrade and maintain the road is an inverse condemnation, and should he not obtain the writ compelling maintenance, the County should be compelled to pay him damages under the provisions of Iowa Code sections 306.10–306.14 dealing in part with vacating or altering roads and fixing damages for abutting land. Writ denied.

The road in question was classified by the county in January 1986 as a "B" classification under Iowa Code section 309.57,[1] which provides in pertinent part:

> The county board of supervisors, after consultation with the county engineer, and for purposes of specifying levels of maintenance effort, may classify the area service system into two classifications termed area service "A" and area service "B." The area service "A" classification shall be maintained in conformance with applicable statutes. Roads on the area service "B" classification may have a lesser level of maintenance as specified by the county board of supervisors, after consultation with the county engineer.

> Roads within area service "B" classification shall have appropriate signs, conforming to the Iowa state sign manual, installed and maintained by the county at all access points to roads on this system from other public roads to adequately warn the public they are entering a section of road which has a lesser level of maintenance effort than other public roads.

As a road classified "B," the road had limited maintenance and was not available for vehicular travel about twenty-five percent of the year. Plaintiff, after purchasing the property, discussed with the county the possibility of upgrading the road to an "A" classification. The expense of doing so was between $22,000 and $33,000, and if done, plaintiff would be assessed the expense. This action followed.

The decision to issue a writ of mandamus involves an exercise of discretion. *See Baird v. City of Webster City,* 256 Iowa

---

1. This section was enacted in 1981 by House File 786.

1097, 1114, 130 N.W.2d 432, 442 (1964). Our review of the decision is for error of law or abuse of discretion. We review the record de novo because the action is equitable. *See* Iowa Code § 661.3.

■ Principles governing mandamus are well established. *Hewitt v. Ryan,* 356 N.W.2d 230, 233 (Iowa 1984). It is a drastic remedy to be applied only in exceptional circumstances. *Id.* It is not to be used to establish rights but to enforce rights that have already been established. *Stith v. Civil Serv. Comm'n of Des Moines,* 159 N.W.2d 806, 808 (Iowa 1968). The writ can be used to compel a tribunal to act but cannot control its discretion. If there is a plain, speedy, and adequate remedy at law, mandamus does not lie. When such a remedy is available through certiorari or appeal, mandamus should not be ordered. *Reed v. Gaylord,* 216 N.W.2d 327, 331–32 (Iowa 1974). The other available remedy, however, "must be competent to afford relief on the very subject matter in question, and be equally convenient, beneficial and effectual." *Virginia Manor, Inc. v. City of Sioux City,* 261 N.W.2d 510, 514–15 (Iowa 1978).

■ We first address plaintiff's claim that we order the county to maintain the road. Iowa Code section 309.57 allows the county board of supervisors to exercise its discretion in both classifying county roads and in determining the level of maintenance for a road. The question then becomes whether the board of supervisors abused its discretion in not ordering additional maintenance of this road. A writ of mandamus cannot be used to control the county board of supervisors' discretion. *Hewitt,* 356 N.W.2d at 233. Plaintiff has failed to show he is entitled to the relief requested.

We next address plaintiff's claim of inverse condemnation. The road had been classified a "B" road prior to plaintiff's acquisition of the land. Plaintiff was aware of the designation.

■ Our review on this issue is de novo. *Fitzgarrald v. City of Iowa City,* 492 N.W.2d 659, 663 (Iowa 1992). Mandamus is a procedural device to compel condemnation when there has been a taking of private property

for public use without just compensation. *Phelps v. Board of Supervisors,* 211 N.W.2d 274, 276 (Iowa 1973). Mandamus is limited to determining whether a factual issue exists that would permit a condemnation commission or a jury on appeal of an award to find an intrusion that produced a measurable decrease in the property's market value. The mandamus court may find the evidence insufficient as a matter of law to compel the summoning of a condemnation commission, but that court is simply not called upon to rule as a matter of law that a taking has occurred. *Hunziker v. State,* 519 N.W.2d 367, 369 (Iowa 1994); *Fitzgarrald,* 492 N.W.2d at 663–64. The question is whether the district court correctly determined there was no factual issue that would permit a finding of a compensable intrusion.

The Fifth Amendment to the federal constitution provides, "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. This provision of the Fifth Amendment is made binding on the states through the Fourteenth Amendment to the federal constitution. *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358, 364 (1980); *see also* Iowa Const. art. I, § 18.

■ "Taking," for purposes of the federal and Iowa constitutional right of just compensation, does not necessarily mean the appropriation of the fee. *Hunziker,* 519 N.W.2d at 369. It may be anything which substantially deprives one of the use and enjoyment of his property or a portion thereof. *Id.*

■ Plaintiff's claim is based on inverse condemnation which is a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted. *United States v. Clarke,* 445 U.S. 253, 257, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373, 377 (1980).

■ The government, under limited circumstances, may not be required to pay compensation. The limited circumstances include those instances where it can be shown the property owner's "bundle of rights" never included the right to use the land in the

way the regulation forbids. *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1027, 112 S.Ct. 2886, 2899, 120 L.Ed.2d 798, 820 (1992); *Iowa Coal Mining Co. v. Monroe County,* 494 N.W.2d 664, 670 (Iowa 1993).

 The road had a "B" classification before plaintiff purchased the land. The "bundle of rights" plaintiff acquired by his fee simple title did not include the right to access from more than a road with a reduced level of maintenance. In purchasing the property, plaintiff did not acquire a use con-trary to the provisions of the existing road classification. *See Hunziker,* 519 N.W.2d at 371. The trial court correctly denied relief on this ground.

**WRIT DENIED.**