# IN THE SUPREME COURT OF IOWA

No. 14–0512

Filed March 31, 2014

**JONATHAN NARCISSE,**

 Appellant,

vs.

**MATT SCHULTZ,** in his Official Capacity as Iowa Secretary of State,

 Appellee.

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

In an expedited appeal from a ruling on judicial review, the appellant seeks to have his name placed on the primary ballot as a candidate for Governor. **AFFIRMED.**

Alfredo G. Parrish and Adam C. Witosky of Parrish Kruidenier Dunn Boles Gribble & Gentry, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Pamela D. Griebel and Meghan L. Gavin, Assistant Attorneys General, for appellee.

**PER CURIAM.**

This matter comes before the court upon the "Petitioner's Motion for Expedited Appeal and Review Pursuant to Iowa R. App. P. 6.1002(4), or alternatively, Application for Writ of Mandamus Pursuant to Iowa Code Chapter 661." The respondent filed a "Respondent's Resistance to Stay or Mandamus and Concurrence with Request for Expedited Appeal," and the petitioner has filed additional written argument. Both parties seek an expedited resolution of the case.

The petitioner seeks review of the district court's "Ruling on Petition for Judicial Review" filed March 27, 2014. He requests that this court issue an order "reversing the district court decision, and commanding the [r]espondent to place [the petitioner] on the Iowa Democratic Party's primary ballot as a candidate for Governor of the State of Iowa." The parties have asserted that primary ballots are due to the printer for many counties by Monday, March 31, 2014.

Given the nature of the underlying case, we agree an expedited decision is needed. *See* Iowa R. App. P. 6.1102(2) (early submission in appeals involving questions of public importance or rights that are likely to be lost or greatly impaired by delay). Upon a review of the record and the applicable law, the court finds the district court's "Ruling on Petition for Judicial Review" should be affirmed.

The petitioner's alternative request for mandamus relief is denied. *See* Iowa Code § 661.1 (2013) (A mandamus action is one brought to compel a person to do or not to do an act, "the performance or omission of which the law enjoins as a duty resulting from an office."); *Hewitt v. Ryan,* 356 N.W.2d 230, 233 (Iowa 1984) (Mandamus "is not to be used to establish rights but to enforce rights that have already been established.").

**AFFIRMED.**

All justices concur, except Appel, J., who takes no part.

This opinion shall not be published.